### In re KELLY, Bankrupt.

*District Court, S. D. New York. November 28, 1883.)*

1. WAREHOUSEMAN—LIEN FOR STORAGE.

Under the law of this state no lien exists on goods for the storage thereof in favor of a private person not in the business of storage and not a warehouseman.

2. SAME—CLAIM AGAINST ASSIGNEE IN BANKRUPTCY—EQUITABLE COMPENSATION.

Where an assignee in bankruptcy demanded wagons of the bankrupt which were stored in the petitioner's barn, and delivery was refused on the ground of a lien claimed on them for storage, *held,* that the refusal to deliver to the assignee on demand was in the petitioner's own wrong, and debarred her from any claim for subsequent storage while held under that refusal. Held, *however*, that the petitioner was entitled to an equitable compensation for the storage of the goods from the time of the proceedings in bankruptcy up to the time of the demand and refusal.

In Bankruptcy.

*A. J. Taylor,* for petitioner.

*William Forse Scott,* for assignee.

BROWN, J. The authorities in this state hold that a person not being a warehouseman nor in the business of storing goods, who has articles on private storage, has no lien upon them for his compensation any more than a landlord has on his tenant's goods for rent.

*Trust* v. *Pirsson,* 1 Hilt. 292, and cases cited. When the assignee, therefore, demanded the wagons which were stored in the petitioner's barn, and was refused possession on the ground that there was a lien upon them for storage which must first be paid, the refusal to deliver was illegal and wrongful. Thenceforward the wagons were held by the petitioner or her tenants in their own wrong, until the time when a specific arrangement was made, for which the commissioner has allowed compensation. From the time of the proceedings in bankruptcy, however, up to the date of the wrongful refusal to deliver above referred to, the petitioner was entitled to an equitable compensation for the storage of the wagons; and by the stipulation between the parties when the assignee took possession, it was agreed that whatever claim she had should stand against the proceeds of the goods; and as the demand referred to was while the tenant, Van Scoy, was in possession, this demand must have been after April 1, 1879. How much after that date does not appear, and it was the duty of the petitioner to make this clear in order to recover compensation for the full period. On this defect in the proof not more than six months' storage can be allowed as a claim against the assignee, amounting, at $12 a month, to $72. This, with $25, the amount allowed under the subsequent stipulation, makes $97, for which an order may be taken.